**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN B. THOMAS, SR., <br><br> Plaintiff, <br><br> v. <br><br> JAMES DOLAN, et al., <br><br> Defendants. | Civil Action No. 15-7029 (MAS) (LHG) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on pro se Plaintiff Brian B. Thomas, Sr.'s ("Plaintiff") motions to remand (ECF Nos. 9, 21), and Defendants CSC Holdings Inc. ("CSC"), James Dolan, Paul V. Ryan, and Sandra Kapell's (collectively, "Defendants") motion to dismiss Plaintiff's Complaint (ECF No. 17).

With respect to the motions to remand, Plaintiff argues that remand to the New Jersey Superior Court of Monmouth County is appropriate because Defendant CSC violated the thirty-day rule of 28 U.S.C. § 1446. Section 1446 states that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise." § 1446(b)(1). Plaintiff argues that he mailed the Complaint on August 5, 2015, to Defendants James L. Dolan, Paul V. Ryan, and Sandra Kapell.[1] Additionally, Plaintiff filed Affidavits of Service as to each defendant in State Court, stating that each was served on August 25, 2015. (Notice of Removal, Exs. B-C, ECF Nos. 1-2, 1-3.) The Third Circuit has adopted the later-served defendant rule under which "each defendant individually has thirty days to file a notice

---

[1] Plaintiff does not attach any proof of said mailing.

of removal beginning when that particular defendant is served." *Delalla v. Hanover Ins.*, 660 F.3d 180, 185 (3d Cir. 2011); *see also* § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."); § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."). Here, as Plaintiff alleges that he first served Defendant CSC on August 25, 2015, CSC's Notice of Removal on September 23, 2015, was timely, regardless of Plaintiff's purported mailing to Defendants James L. Dolan, Paul V. Ryan, and Sandra Kapell on August 5, 2015. Thus, Plaintiff's motion to remand is denied.

With respect to the motion to dismiss, Defendants argue that Plaintiff's Complaint should be dismissed for failure to effectuate proper service under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Specifically, Defendants argue that on August 25, 2015, a deputy from the Middlesex County Sheriff's Office dropped off four copies of the Summons and Complaint with Dave Idrissi, a facility mechanic, at CSC's Piscataway, New Jersey location. Defendants argue that service on Dave Idrissi was not proper because he was not authorized to accept service of process on behalf of any of the defendants. Plaintiff asserts that Defendants were properly served. (ECF Nos. 9, 21.)

Under Rule 12(b)(5), a district court may dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). The district court in its discretion, however, may extend the time for service under Rule 4 of the Federal Rules of Civil Procedure if either: (1) good cause is shown; or (2) any other factors warrant extending the time for service. *See Cain v. Abraxas*, 209 F. App'x 94, 97 (3d Cir. 2006) (holding "the [d]istrict [c]ourt abused its discretion in failing to

consider whether any other factors warranted denying a motion to dismiss even though good cause was not shown" such as plaintiff's pro se status that would "weigh in favor of exercising such discretion"). Here, the Court agrees that Defendants were not properly served under New Jersey Court Rule 4:4 or Rule 4 of the Federal Rules of Civil Procedure. The Court, however, finds good cause to extend the time for service as Plaintiff is proceeding pro se, Plaintiff was operating under the belief that he had properly served Defendants through the Middlesex County Sheriff's Office, and there is no prejudice to Defendants. Accordingly, the Court grants Plaintiff an additional sixty (60) days to effectuate service on Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.[2] Therefore,

    **IT IS** on this 12th day of May 2016, **ORDERED** that:

1. Plaintiff's motions to remand (ECF Nos. 9, 21) are DENIED;
2. Defendants' motion to dismiss (ECF No. 17) is DENIED; and
3. Plaintiff's time to effectuate service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure is extended for sixty (60) days from the date of this Memorandum Order.

                                           */s/ Michael A. Shipp*
                                         **MICHAEL A. SHIPP**
                                         **UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff also has the option under Rule 4(d) of the Federal Rules of Civil Procedure to send a "Waiver of the Service of Summons" form, which can be found on the District of New Jersey's website (www.njd.uscourts.gov).